No. 70.—JAMES A. WADE and others, trustees, plaintiffs in error, *vs.* JAMES A. RUSSELL, defendant.

[1.] To defeat the marital right, the intention to create a separate estate in the wife must be unequivocal.

Trover, in Troup Superior Court.    Decided by Judge WARNER, November Term, 1854.

This case turned on the construction of the following clauses in the will of Hudson Wade, deceased:

"It is my will, that my whole estate be kept together in common stock, for the benefit of my family; and as my children arrive at the age of twenty-one years or marry, they are to receive the sum of Five Thousand Dollars, each, in money or property, at the discretion of my executor—the portions of my daughters, Mary Jane, Sarah Louisa, Julia Elvira and Susan Hudson, I do give to John W. Porter, James A. Wade and William F. Wade, in trust, for the use, benefit and behoof of my said daughters."

Item: "When my youngest child shall arrive at the age of twenty-one or marry, the remainder of my estate, after each child has received Five Thousand Dollars as aforesaid, shall be equally divided among all my children (naming them); the shares of my aforesaid daughters I give to the trustees aforesaid, for the use and benefit of my said daughters." The defendant married Mary Jane Wade, and her share of the pro-

perty was given into his possession, where it had remained ever since; and this action was brought by the trustees named in the will, to recover the possession of the negro property from him. The Court held, that they could not recover and nonsuited the plaintiffs; and on this decision, error is assigned.

DOUGHERTY, for plaintiff in error.

WARNER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Whatever kind of estate it was, which the testator *intended* to create in the daughters, he intended to create it in them, whether they ever married or not. This is clear. And therefore, it cannot be said, that he intended only a *separate* estate in them. Such an estate could only exist in them, in case they married. Indeed, the words of the will are as suitable to the creation of estates in *sons* as in daughters.

[1.] And it is well settled, that to defeat the marital right, the *intention* to create a separate estate in the wife must be unequivocal. (*Hill on Trustees,* 421.) And in this, the intention to create a separate estate cannot be said to be unequivocal.

So we think the non-suit should not be disturbed.