DAVIS R. ANDREWS, plaintiff in error, vs. O. P. H. BONNER and R. W. BONNER, trustees, &c., defendants in error.

6th and 9th items of the will of James Bonner, deceased: "I give and bequeath to my daughter, Nancy C. Andrews, and the legitimate heirs of her body, the following property, to-wit: A woman named Polly, and her three children, viz., Mary, Susan and Ellen; also Big Mary, having given her a mare, saddle and bridle, bed, &c., heretofore."

"I appoint Oliver P. H. Bonner and Richard W. Bonner, my sons, executors on my said estate, to carry into effect this my last will and testament at my demise. I also appoint them my trustees, to carry into effect that part of this my last will and testament in regard to the negroes given to my daughter Nancy C. Bonner, formerly, now Nancy C. Andrews."

Held, That by the terms of said will, no separate estate was created in Mrs. Andrews, the daughter of the testator.

Trover, from Putnam Superior Court. Tried before Judge ROBERT V. HARDEMAN, at the September Term, 1858.

The facts necessary to an understanding of this case, are to be found in the opinion of the Court.

BARTLETT & FOSTER, for the plaintiff in error.

WINGFIELD, for the defendants in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

The following is the sixth item of the will of James Bonner, deceased: "I give and bequeath to my daughter, Nancy C. Bonner, now Nancy C. Andrews, and the legitimate heirs of her body, the following property, to-wit: A woman named Polly and her three children, viz., Mary, Susan and Ellen; also, Big Mary, having given her a mare, saddle and bridle, bed, &c., heretofore." The ninth clause of the testament is in these words: "I appoint Oliver H. P. Bonner and Richard W. Bonner, my sons, executors on my said estate, to carry into effect this my last will and testament at my demise. I also appoint them my trustees to carry into effect that part of this my last will and, testament in regard to the negroes given to my daughter Nancy C. Bonner, formerly, now Nancy C. Andrews."

The only question for the determination of this Court is, did Mrs. Andrews, the daughter of the testator, take a separate estate in the negroes given to her and the legitimate heirs of her body, in the 6th item of her father's will ?

It was said by an amiable Judge in this State, that no other Judge or lawyer of Georgia understood the doctrine of trusts, as a science, except himself. And he attributed his skill in this doctrine to having studied it thoroughly in the profound treatise of Cruise upon this subject. Now I may be permitted, I trust, without vanity, to say, that it does not require one to be versed in the learned lore of Cruise, to decide that the words of this will do not create a separate estate in Mrs. Andrews.

It is immaterial whether the estate bequeathed in the sixth item of the will be a fee or an estate tail. That it falls under the latter class, we think there can be no doubt, there being no sensible distinction between *legitimate* heirs of the body, and *lawful* heirs of the body. In either event, an absolute estate vested in the wife upon which the marital rights of the husband attached, unless the property was reserved from

this result by the 9th clause of the will. And what does the appointment there made and the direction there given amount to? Why, that his executors act as *his* trustees to carry into effect that part of his will which relates to the negroes given to Mrs. Andrews. The most that can be made of both clauses taken together is, that the testator gives certain slaves to his married daughter, and appoints his two sons, her brothers, her trustees. Has it ever been held by this or any other Court, in this or any other country, that an absolute gift of property to a *femme covert*, and the appointment of trustees would create a separate estate in the *femme ?* We apprehend not.

We are aware that there is no magic in the use of particular words, and that any expression which shows unequivocally the intention of the donor to exclude the rights of the husband from attaching, are sufficient. And formerly Courts were somewhat astute so to construe the language as to produce this effect. Hence Lord Aloanly held that where a fund was given in trust for a married woman, to be paid over to her own *proper* use, it would be a circumstance from which the intention to create a separate estate might be inferred. But this decision which turned upon the force of the term *proper*, was subsequently overruled. But where money or property was specifically given to trustees with instructions to pay over the interest or income to the "own use of the wife," this and no phrase of similar import merely, ever was construed to create a separate estate in the wife. And yet how much stronger is such a case than the one before us.

The testator intended, I doubt not, to create a separate property in these negroes for his daughter and her children, provided he had any intelligent purpose respecting it; but he has failed to carry that design into effect. Just as a testator dying, with but two witnesses to his will, intends, of course, to dispose of his estate, as specified in the instrument. But that intention is frustrated for want of the prop-

er attestation. And Courts are as powerless to grant relief in the one case as the other.

If it be the will of the people to favor separate estates, which I should deeply regret to see, let their Representatives enact that whenever property is given to a female, single or married, and a trustee is appointed, that it shall be construed to mean, a separate estate. A statute of three lines will suffice for this end. Until that is done, Courts are compelled to administer the law as it is.

By way of caution, it is necessary to remark, that it will be found laid down in the books everywhere, that in all cases where fiduciary words are used, as where a gift in a will is expressed to be "for the benefit of others," &c., the terms employed are held sufficient to fasten a trust on the conscience of the donee. But the rule in all such cases applies only to contests where the question is, not whether a separate estate is created, which will exclude the rights of the husband, but whether the *donee* does or does not take in a fiduciary character? Where a gift is clearly impressed with a trust, the trustee in any event will not be entitled to the beneficial enjoyment. If he cannot hold the property for those who were intended to take by the instrument, he holds it for those who take under the disposition of the law. In this case there being nothing for the trustee to do, the trust was at once executed by the uniting of both the legal and equitable estate in the husband—if, indeed, any equitable estate ever existed.

Judgment reversed.