### BANKS *vs.* SLOAT, BUSSELL & COMPANY.

1. The ground of objection to evidence in the court below should be made to appear in the record. A mere general objection, without any reason assigned therefor, is too vague to form the basis of a judgment.

(*a.*) In this case we do not find any valid reason for the objection to the evidence which was rejected.

2. A decree for specific performance upon a bill to recover the title to land may be recorded in the county where the land lies, and operates as a deed without the actual execution of a conveyance between the parties. The making of such a conveyance is superfluous.

3. Prior to the adoption of the Code, the mere nomination of a trustee for a married woman did not of itself create a separate estate for her.

(*a.*) Although a trust for a married woman may have been created prior to the act of 1866, yet after that act she had power to sell and .convey the trust property, and the trust became executed.

4. Where a deed was made to the husband of a married woman in 1862, as trustee for her, for the purpose of securing the property for her use against the debts, contracts and liabilities of the husband, with power in the trustee to sell and convey with the voluntary written consent of the wife, and with power in the wife "to convey said land to whomsoever she may deem proper by deed or testament," a deed from the wife was a substantial compliance with said power, and was good.

January 16, 1883.

Evidence.   Practice in Supreme Court.   Practice in Su-

perior Court. Specific Performance. Title. Husband and Wife. Trusts. Deeds. Before Judge MERSHON. Clinch Superior Court. March Term, 1882.

Reported in the decision.

JAMES BANKS; J. C. NICHOLLS; S. W. HITCH; JOHN I. HALL, by HARRISON & PEEFLES, for plaintiff in error.

A. T. McINTYRE; J. L. SWEAT, for defendants.

HALL, Justice.

This was an action of trespass, brought by the plaintiff against the defendants, for cutting down and removing trees from lot of land No. 398, in the 10th district of, originally Irwin, now Berrien county.

To sustain his action the plaintiff relied upon his title to the lot of land in question, and tendered and read in evidence, without objection, a copy grant for the lot of land to Wiley Curry, of Monroe county, which was dated the 19th day of April, 1842; also, the will of said Curry and letters testamentary granted upon probate of the same, at the July term, 1858, of the court of ordinary of Monroe county; also, a decretal verdict returned and adopted as the decree, as is evidenced by the signature of the presiding judge thereto, at the February Term, 1862, of Monroe superior court, in a cause wherein John Lyon and his wife Eliza A. and Robert J. Smallwood and his wife, Susan C., were complainants, and Willis Curry, senior, and Willis Curry, junior, as executors of the said Wiley Curry, were defendants. This decree ordered and directed the said executors of Wiley Curry to make and execute titles to the aforesaid lot of land with others named therein, to John Lyon " in trust " for his wife, Eliza A., and to Robert J. Smallwood " in trust " for his wife Susan C. " as prayed for in the bill ; " also, a deed from the executors of Wiley Curry, reciting in full the

v 69—22

aforesaid decree, and purporting to be an execution of the same to John Lyon, conveying said lot of land and others to said Lyon " in trust" for the use and benefit of his said wife, and her heirs and assigns forever, free from the debts, liabilities and contracts of the said Lyon or any future husband of his said wife. Power is given by said deed to Lyon, with the voluntary consent of said wife, in writing, to sell and convey said lands whenever the said wife shall deem it to her interest and advantage ; and also, to the wife to convey the lands to whomsoever she may deem proper by deed or will, provided nothing in said powers (limitations) contained shall be so construed as to subject said lands by the exercise thereof to the debts or contracts of said Lyon. This deed was dated the 21st day of October, 1863.

Plaintiff then offered in evidence a deed bearing date the 1st day of June, 1875, wherein Robt. J. Smallwood, trustee of his wife Susan C., and the said Susan C. were the parties of the one part and Eliza A. Lyon was party of the second part ; the deed was signed " Robert J. Smallwood, trustee as aforesaid," and was also signed by his wife, Susan C. Smallwood, and conveyed the lot of land in question to Eliza A. Lyon. Plaintiff also tendered in evidence a deed to the said lot bearing date the 1st day of December, 1876, from the said Eliza A. Lyon to Banks, the plaintiff in the action.

When these deeds from Smallwood and wife to Eliza Lyon and from Eliza Lyon to the plaintiff were offered, objection was made thereto, the objection sustained and the deeds rejected, and thereupon the court ordered the suit to be " dismissed on a motion for a non-suit" because " the plaintiff had failed to prove title or possession" in himself to the lot of land on which the alleged trespass had been committed.

1. The record does not specify any ground of objection to these deeds. It discloses nothing further than the fact that objection was made, and gives no information

whatever as to the nature or character of the objection. The court below should not have considered and passed upon an objection so vague and general as to present no point or issue for decision. No reason, at least no valid reason, occurs to us why these deeds should not have gone in evidence, and the arguments and researches of the counsel have presented none.

2. The decree rendered in Monroe superior court, and which has been certified and recorded in Berrien county, where the land lies, passed the title out of the estate of Wiley Curry and vested it in Lyon and Smallwood, in trust for their wives respectively. There was no necessity for this requirement of the decree to make the deed. Under the act of 23d December, 1839, Cobb's New Dig., 469, this was superfluous. In other respects this proceeding conforms to the requirements of that act, and was doubtless had under it. See Code, 4209; 36 *Ga.*, 321.

3. It is insisted in argument, that the appointment of a trustee for Elizabeth Lyon, by the decree, created a separate estate in her, and Code, 2307, is cited to this effect. A reference to the record, however, shows that the decree under which she claims was rendered in February, 1862, nearly a year before the Code took effect. Prior to the Code the rule was just the reverse of that here claimed. 26 *Ga.*, 520. There are no words in this decree showing that this property was to be held in trust for the sole and separate use of the beneficiary; it was simply provided that it should be held in trust for her as prayed for by the bill. What was prayed for we are not informed, as the bill is not before us. We may fairly presume and ought, perhaps, to do so, that the decree followed the prayer and that nothing was asked beyond what is given. Why the trust was created we do not know, nor are we informed as to the purposes it was intended to serve. It may have been designed simply as a protection against the rights of her husband, who was named, and who seems to have acted as her trustee. Conceding that this latter fact did

create a separate estate in her as against her trustee, did that deprive her of the power to convey to Banks, as she did in the year 1876? If, at the time of this conveyance to Banks, Mrs. Lyon was capable in law of taking and managing property in her own right, the trust had served its purpose, and was executed, the legal title merged immediately into the equitable interest, and the perfect title vested in her according to the terms and limitations of the trust. Code, 2314. A married woman is a *feme sole* as to her separate property, under the act of 1866, (Code, 1754); and is made so in express terms, with power to dispose of it as she sees proper to any other person than her husband or trustee, by Code, 1783. In this case the trust was in existence prior to the passage of the act, and it is contended, for that reason, that it is not within it. The case of *Sutton vs. Aiken*, 62 *Ga.*, 733, is cited to show that the trust in this case is not executed by the act of 1866, (Code, 1754). In that case the trust was created and the conveyance made after the passage of the act, and upon those facts we held that the trust was executed, and the title vested in the beneficiary. In the 61st *Ga.* R., 171, where the facts showed that the trust was created prior to the act, and the conveyance was made thereafter, we held this an executed trust, and that the *cestui que trust* had power to convey the title to such interest as she had in the trust estate.

4. The same reasoning applies to the deed from Small-wood, trustee, and his wife to Eliza A. Lyon. The sole purpose of the conveyance from Curry's executors to Eliza A. Lyon was to secure the property conveyed to her use against the debts, contracts and liabilities of her husband, and so far conformed to the decree under which it purported to have been made.

This deed of Eliza A. Lyon to Banks conforms to the power given her in the deed from Curry's executors, to convey the land "to whomsoever she may deem proper, by deed or will."

The conveyance to Banks by her, instead of being a departure from the power, as contended, is a literal compliance therewith.

Judgment reversed.