Mathews *et al.*, administrators, *vs.* Paradise.

A will contained the following provision: "I loan to my daughter, Almira J. Paradise, wife of John W. Paradise, during her natural life, and for her sole and separate use and benefit (the land levied on), not subject to the debts of John W. Paradise, made or to be made, nor any future husband, not to be sold from her, as a life estate, but to remain in her possession through life, to enable her to raise and educate her children; and at my daughter's death, the property to be equally divided amongst her children, to them and their heirs forever." The executors named were appointed trustees for the testator's daughter:

*Held*, that the will conveyed a life estate to the testator's daughter, with vested remainder to her children. The words, "not to be sold from her," were intended to protect her from her husband or his creditors, but did not restrict her use or power to alienate or encumber her life estate. Therefore her life estate was subject to levy and sale under execution founded on a judgment against her.

(*a.*) The trustees being for the benefit of the wife alone, and there being, since the act of 1866, no necessity for trustees to protect her interest, she occupied the same relation to the property as if no trustee had been named.

March 17, 1885.

Wills. Estates. Life Estate. Trusts and Trustees. Levy and Sale. Before Judge CARSWELL. Washington Superior Court. September Term, 1884.

To the report contained in the decision, it is only neces-

sary to add that a *fi. fa.* against Almira J. Paradise was levied on her life estate in certain lands. She interposed an affidavit of illegality, alleging that she received the property under the seventh item of her father's will, which is set out in the decision, and that such estate was not subject to sale under the *fi. fa.* The case was submitted to the court, who sustained the illegality and dismissed the levy. Plaintiffs excepted.

Hines & Rogers, for plaintiffs in error.

E. S. Langmade; B. D. Evans, for defendant.

Blandford, Justice.

The question here is, whether certain land devised to defendant in error under the will of her father, Robert Whitfield, is subject to be sold under execution founded on judgments against her. The will is as follows:

"I loan to my daughter, Almira J. Paradise, wife of John W. Paradise, during her natural life, and for her sole and separate use and benefit (the land levied on), not subject to the debts of John W. Paradise, made or to be made, nor any future husband, not to be sold from her, as a life estate, but to remain in her possession through life, to enable her to raise and educate her children; and at my daughter's death, the property to be equally divided amongst her children, to them and their heirs forever."

The will appoints the executors thereto trustees for his daughter, A. J. Paradise. It further appeared by the record that she had raised and educated all of her children.

It is most manifest from this will that the great object of the testator was to secure the property to the sole and separate use of his daughter, so that the marital rights of her husband could not attach to it, and that it should be free from his control, not subject to his debts, and not to be sold by him; it nowhere denies to her the power of alienation, but the words, " not to be sold from her," evidently refer to the husband; it does not say that she cannot sell it, but

it is not to be sold from her by somebody else. The appointment of trustees for her is not inconsistent with this view, but entirely consistent therewith. The duty of the trustees is to protect the daughter, in the use of this property, from the husband; it can extend no further; it is not to protect it against the wife, but she is entitled to the fullest use therein. The trustees are not required to protect the remaindermen; their duty ceases at the termination of the life estate. The remainders in this case are vested remainders and not contingent. The act of 1866 makes married women *femes sole* as to their separate estates; hence, when this act was passed, there was no necessity to have trustees to protect the rights of the wife in this property against the husband. So the defendant in error, under this act, occupied the same relation to this property conveyed by this will as if no trustee had been named in the will originally; and if the power of alienation was in her, if no trustee had been appointed by the will, she may exercise the same as fully as if no trustee had been appointed since the act of 1866. If it be true that the restriction of the power of alienation was not a restriction upon her, but upon her husband and his creditors, then she may exercise it to the same extent as any other life tenant; she may sell and dispose of it, she may encumber it, contract debts upon the faith of it; it may be sold for her debts as may the separate life estate of any other married woman. This being so, it follows that the court erred in holding that it was not subject to the execution and judgment against her, which had been levied on this property.

Judgment reversed.