EVANS *v.* BETHUNE, administrator.

A deed conveying land to a married man "as trustee for his wife," naming her, though made prior to the adoption of the code, created a separate estate in the wife, it appearing that the husband accepted the deed as being effectual for this purpose, and recognized the property as hers, and that though he jointly occupied it with her, he had never claimed title to it. This case differs from that class of cases wherein deeds of like import and containing no special words creating a separate estate in the wife, were made to persons other than the husband, the grantee being designated "as trustee" for the wife, but with the making or accepting of which deeds the husband had nothing to do.

November 16, 1896. Argued at the last term.

Levy and claim. Before Judge Hart. Baldwin superior court. January term, 1896.

*Roberts & Pottle*, for plaintiff.
*Crawford & Crawford*, contra.

SIMMONS, Chief Justice.

In 1862 certain land was conveyed to Elam H. Wall "as trustee for his wife, Laura H. Wall," the conveyance being "unto the said Elam H. Wall as trustee aforesaid, her heirs," etc. The *habendum* clause was "unto him as trustee aforesaid, her heirs and assigns," etc. The warranty was "unto the said Elam H. Wall as trustee aforesaid of Laura H. Wall, her heirs and assigns," etc. This land was levied upon as the property of E. H. Wall under an execution against him, issued in 1881, and was claimed by L. H. Compton, administrator of P. M. Compton, to whom, as appeared on the trial of the claim case, it had been conveyed by Mrs. Laura H. Wall, in 1881. At the trial E. H. Wall testified that he and his wife resided together on the land in question from 1864 to 1891, that she claimed the place as her own during all that time, and that he recognized the place as hers and had never claimed title to it for himself. This evidence was uncontradicted. The jury, under the direction of the court, found a verdict in favor of the claimant, and the defendant made a motion for a new trial upon the grounds that the verdict was contrary to law, evidence etc., and that the court erred "in directing a verdict on the ground that the deed to E. H. Wall 'as trustee for his wife Laura H. Wall, her heirs and assigns,' vested the title to the land levied on in Laura H. Wall, and not in E. H. Wall, her husband." The motion was overruled, and the plaintiff excepted.

It was contended on the part of the plaintiff in error, that as the law stood at the date of the execution of the deed above referred to (which was prior to the time the code of 1861 went into effect), the title to the land vested in the husband, and not in the wife. It is true that prior to the adoption of the code, which changed the prior law on the subject by providing that "no words of separate use are necessary to create a trust estate for the wife," etc., (Code of 1861, §2281), the rule was that a deed to one as

trustee for a married woman would not exclude the marital rights of the husband and create a separate estate in the wife, unless it clearly appeared that such was the intention of the maker.    See the following cases cited by counsel for the plaintiff in error:    *Wade* v. *Russell,* 17 *Ga.* 425; *Freeman* v. *Flood,* 16 *Ga.* 528; *Andrews* v. *Bonner,* 26 *Ga.* 521; *Logan* v. *Goodall,* 42 *Ga.* 115.    In the case of *Brown* v. *Kimbrough,* 51 *Ga.* 35, this court, however, while recognizing the rule to be as above stated, held that where a deed was made to a husband as trustee for his wife, his successors in office and assigns, and the deed was accepted by the husband, a separate estate in the wife was thereby created, although there were no special words in the deed to that effect.    In the opinion delivered by Trippe, J., in that case, it is said:    "Does the fact that the deed was made to the husband as trustee for his wife, and that he so bid off the land, bar his marital rights and create an estate in the wife?    We think it does, upon principle and authority.    When a conveyance is made by a stranger to a third person as trustee for the wife, the husband has no part in the transaction.    He is not an actor. He stands on his rights as husband.    If, by clear and explicit intention, or by the use of the proper terms, a separate estate is created in the wife, she so takes, and his rights are barred.    If this intention is not unequivocal, and as he has done nothing to estop him, his rights attach, and may be asserted.    But if he is the settler himself—if he executes a conveyance to a trustee for his own wife,—it is a declaration by himself of his consent that his wife shall take.    He passes the title to another for his wife, and that simple act, without any technical or express words to prevent the title from at once revesting in himself, is sufficient to show his consent to waive or part with his rights as husband; else the whole transaction would be but a legal farce. The same reasoning and the same principle will apply in cases where the conveyance is to the husband as trustee for

his wife, and so are the authorities." (See authorities cited in the opinion.) To the same effect see *Mounger* v. *Duke*, 53 *Ga.* 277.

Here the husband not only permitted the deed to be made to him as trustee for the wife, but, as we have seen, recognized the property as hers, and made no claim to it himself. It follows that the judgment of the court below should be                                      *Affirmed.*