WOODWARD, trustee, *v.* STUBBS & TISON.

A testator, by a will executed in 1871 and probated in 1872, devised certain lands to a daughter for "her lifetime, and at her death to be equally divided among her children," and then directed as follows: "Now, for the

safety and security of my daughter . . in the above lands, I do this day ordain [two named persons] her trustees, and the above trustees shall see that she has all the benefits accruing from said lands. I want the above homestead to be a perpetual home as long as my daughter lives." *Held*, that this was an executed trust; that a legal life-estate immediately vested in the daughter, and was subject to levy and sale under an execution against her.

Argued June 28, — Decided August 5, 1897.

Levy and claim. Before Judge Beck. Monroe superior court. August term, 1896.

*Berner & Bloodworth*, for plaintiff in error.

*M. H. Sandwich* and *B. S. Willingham*, contra.

LUMPKIN, P. J. This case turned upon the construction of a will, the material portions of which are quoted in the headnote. The question is: was the trust created in favor of the testator's daughter as to her life-estate executed or executory? It will be observed that this will was made and probated after the passage of what is known as the "married woman's act of 1866." This being so, and the devise being directly to the daughter, it seems clear that the rule recognized by this court as far back as 2 *Ga.*, viz., that a trust is executed when nothing remains for the trustee to do, is applicable. See *Edmondson* v. *Dyson*, 2 *Ga.* 307, 320. This rule, so far as we are informed, has been steadfastly adhered to by this court down to the present time.

Under the terms of the present will there was really nothing for the trustees to do, so far, at least, as the life-estate was concerned. Absolutely nothing was required at their hands but to "see that she [the daughter] had all the benefits accruing" from the lands devised. This court has passed upon quite a number of cases more or less resembling that now in hand, as to the point in issue. A very similar one is that of *Bull* v. *Walker*, 71 *Ga.* 195. See also the cases of *Hawkins* v. *Taylor*, 61 *Ga.* 171, and *Carswell* v. *Lovett*, 80 *Ga.* 36. There is no need of citing others. We have, without serious difficulty, reached the conclusion that the trust in the present case was executed, and therefore that the daughter's life-estate was subject to levy and sale under an execution based upon a judgment rendered against her.

*Judgment affirmed. All the Justices concurring.*