## CITY OF ROME *v.* SHROPSHIRE, trustee.

112   93|
f 116 252|
112   93|
117   857|
112   93|
122   640|

1. " A conveyance in trust for a woman, married or single, of full age and sound mind, with no remainder to protect, and nothing prescribed for the trustee to do, operates to pass the legal title immediately into the beneficiary, the conveyance being made since the passage of the act of 1866 which secures to women all their property as separate estate. The trust is executed." *Sutton* v. *Aiken,* 62 *Ga.* 733.

2. If subsequently the property is damaged by another, the right of action is in the woman named as beneficiary, and not in the trustee. The latter can not recover for the damage even though he sue as trustee. · If he does so sue, the defect is not amendable and is, therefore, not cured by verdict.

3. The plaintiff having shown no title to the property alleged to have been damaged, the verdict in his favor was contrary to the evidence.

Argued October 4,—Decided October 30, 1900.

. Action for damages. Before Judge Reece. City court of Floyd county. February 8, 1900.

*Nat. Harris* and *Halsted Smith,* for plaintiff in error.
*W. S. McHenry,* contra.

SIMMONS, C. J. In January, 1868, a deed was made to Shropshire as trustee for his wife, Ann Shropshire, conveying certain land in the City of Rome, Georgia. In 1899 Shropshire, as trustee for his wife, brought an action for damages against the City of Rome, alleging that by reason of certain improvements unskillfully made his land had been damaged. He alleged that he held title to the land as trustee for his wife, but did not set out the deed by which such title was acquired. Upon the trial the jury returned a verdict in his favor. A motion for a new trial was made by the defendant, and overruled by the court. The defendant excepted.

There are several grounds set out in the motion, alleging error in the rulings of the court and in the charge to the jury, but the view we take of the case renders it unnecessary for us to deal with all of them. One of the grounds is that the verdict was contrary to the evidence. It was argued here by counsel for the plaintiff in error that the verdict was contrary to the evidence, because the deed offered to prove title in the plaintiff showed title, not in him, but in his wife; and that the right of action was in the wife and not in the plaintiff, her husband. We think this exception well taken. It has been uniformly held by this court since the case of *Sutton* v. *Aiken,* 62 *Ga.* 733, that a conveyance to a trustee for the benefit of

a married woman of full age and sound mind, with no remainder over and nothing for the trustee to do, passes the full legal title eo instanti into the woman named as beneficiary, under the act of 1866 commonly known as the married woman's act. See *Carswell* v. *Lovett*, 80 *Ga.* 36; *Lathrop* v. *White*, 81 *Ga.* 29; *Banks* v. *Sloat*, 69 *Ga.* 330; *Bull* v. *Walker*, 71 *Ga.* 195; *Payton* v. *Payton*, 86 *Ga.* 773; *Fleming* v. *Hughes*, 99 *Ga.* 447; *Woodward* v. *Stubbs*, 102 *Ga.* 187; *Allen* v. *Hughes*, 106 *Ga.* 775. Under these decisions the trust was executed the moment the deed was made to Shropshire as trustee for his wife, and the title passed into the wife, she being of full age and sound mind, and there being no remainder over and nothing for the trustee to do. It is a well-settled principle of law that one who sues for the wrongful damage of property must show title or some interest in himself, before he can recover. Shropshire, the plaintiff in the present case, had neither the title to the land alleged to have been damaged nor any interest therein, legal or equitable, the full legal title having passed into his wife as soon as the deed was made. Shropshire had, therefore, no right of action against the city either in his individual capacity or as trustee for his wife. Consequently, the verdict in his favor was illegal and should have been set aside. It was argued, however, that the declaration could have been amended by striking Shropshire's name and substituting that of his wife as plaintiff, and that, as the defect was amendable, it was cured by verdict. If the suit had been brought in the name of Shropshire and his wife jointly, this view would perhaps have been tenable, for the wife would have been already a party plaintiff to the action; but an inspection of the declaration shows that the wife was not a party at all and was mentioned as the beneficiary only. The declaration alleged from beginning to end that the property belonged to Shropshire as trustee, and did not intimate that the wife had any interest in the suit save as beneficiary under the deed of trust. So far as we know, there is no law authorizing the name of the plaintiff to be stricken from a declaration and the name of another substituted therefor. It seems to us that such a proceeding would be a clear violation of section 5099 of the Civil Code, which declares that "no amendment adding . . new and distinct parties shall be allowed, unless expressly provided for by law." Besides, the doctrine contended for is given in our code (Civil Code, § 5365) as applicable to motions in arrest

of judgment, not to motions for new trial, and seems then to apply to formal defects only. We apprehend that the doctrine can not be properly applied to a case in which the plaintiff obtained a verdict for damages to property in which the evidence showed he had no title or interest of any kind. We think, therefore, that the court erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*