### 22491.   COURSON *v.* CROSBY.

HOOPER, J. The receivers of Citizens Banking Company sued Riley Courson, maker, and S. L. Crosby, payee and indorser, upon a promissory note. Judgment was rendered in favor of S. L. Crosby against Riley Courson for the amount of the note with interest. Execution based on said judgment was levied on the property of Riley Courson, who filed an affidavit of illegality, which alleged that, pending said cause and

without any notice to him, said Crosby, his codefendant, was made party plaintiff to the case (the original parties plaintiff not having been stricken as such, and said Crosby, his codefendant, not having been stricken as such codefendant); that affiant had no defense against the original plaintiffs as transferees of said note, but that he had a valid defense against Crosby, the payee in the note; that the original plaintiffs had been discharged as receivers prior to the date of rendition of judgment, and were not receivers on said date, and that at the time judgment was rendered there was no party plaintiff to said suit. *Held:*

(*a*) While it is not clear whether the so-called amendment offered by defendant Crosby, seeking to make himself a party plaintiff and allowed by the court, was intended to be an amendment to plaintiff's petition or an amendment to defendant's answer, in either event the effect of its allowance by the court was to leave the cause of action with the original plaintiffs as such and with the original defendant Crosby as an additional plaintiff, the latter also remaining a party defendant, though "the courts do not permit a party to be both plaintiff and defendant in the same action." *Williams* v. *McHugh,* 17 *Ga. App.* 59, 61 (86 S. E. 272), and cit. Furthermore, "So far as we know, there is no law authorizing the name of the plaintiff to be stricken from a declaration and the name of another substituted therefor." Such procedure would be a clear violation of § 5683 of the Civil Code (1910), which declares that "no amendment adding . . new and distinct parties shall be allowed unless expressly provided for by law." *City of Rome* v. *Shropshire,* 112 *Ga.* 93 (37 S. E. 168).

(*b*) This ruling is not altered by the fact that allegedly authorized counsel of record for plaintiff in error, prior to the rendition of judgment, withdrew his plea and answer in the case, as plaintiff in error was nevertheless entitled to an opportunity to defend the action as against his codefendant Crosby after the latter's initiation into his new role as party plaintiff.

(*c*) The affidavit of illegality sufficiently showed that plaintiff in error did not have his day in court as against an action by his codefendant Crosby (later plaintiff in execution), and the trial judge therefore erred in dismissing the affidavit of illegality.

*Judgment reversed.* *MacIntyre, J., concurs.* *Broyles, C. J., dissents.*

DECIDED DECEMBER 31, 1932.

*H. J. Lawrence,* for plaintiff in error.
*M. E. Wood, J. B. Moore,* contra.