Tripre, Judge.
We presume the Court granted the new trial on the principle *442 that “wher.e both plaintiff and defendant in ejectment deduce title from a common source it is not necessary for either party to go beyond that/’ as was held in Wood et al., vs. McGuire’s children, 17 Georgia, 303. But here this was not exactly the case. Plaintiffs claim under a deed from Samuel Slater to Ann Slater for life, with remainder to them. Defendant claims under a deed from Ann Slater and her husband, William Slater. No title or possession was ever shown in Samuel Slater, nor was there any evidence that Ann Slater or her husband ever accepted the deed or possession from him, or that the deed from him was ever in her possession, or her husband’s, or in the possession of defendant or any one under whom he claims. In fact, the record does not disclose that there was any connection whatever between Samuel Slater and the defendant’s title, nor indeed that there was any privity or relationship between Samuel Slater and Ann Slater, except *what is recited in the deed of Samuel Slater, and that was introduced by plaintiffs.
The plaintiffs certainly did not make a case when they closed, on which they could recover; and though the defendant may not have shown a good title in himself, the only question in the' case is, whether he, by the, introduction of the deed from Ann and William Slater, sufficiently showed title in Samuel Slater to entitle the plaintiffs to a recovery. That deed produced the only-danger to defendant, so far as the record discloses. Keep it out, and the battle was won. We cannot tell what the facts are, outside of the record, but nothing stated in it would authorize a recovery by plaintiffs, even with that deed in evidence. Had the plaintiffs have gone one step farther and proved that Ann and William Slater did hold or claim under this deed of Samuel Slater, the result might have been different.
Judgment reversed.