FLETCHER *vs.* HORNE, guardian, *et al.*

1. Where, in an action of ejectment, both parties claimed under a common grantor, and under a notice to produce, served on the defendant, she produced a chain of title, except one deed, which plaintiffs claimed created a life estate with remainder to them, and such deed was recorded, and the records of the county where it was recorded had been destroyed ; and where the defendant had previously filed a bill and had placed the original deed in the hands of her counsel, and a copy thereof had been attached to the bill sworn to by her, and the original had been returned to her, but was not produced under notice, the existence of the original and its loss were sufficiently proved, and the copy was admissible in evidence.

(a.) Where an unrecorded deed is offered in evidence, proof by the attesting witnesses is necessary ; but where a deed has been recorded and lost and the record has been destroyed, a copy of the original may be proved by the person who made it, and the attesting witnesses need not be called for that purpose.

(b.) The record of the deed is proof of delivery, and its subsequent possession by one who derived title from a grantee under it is sufficient to establish such delivery.

(c.) It appearing beyond controversy that both parties in this case

held under a common grantor, the presiding judge might have so told the jury; but if, instead of so doing, he submitted the question to the jury, he furnished no ground for complaint at the instance of the defendant.

(d.) Parties to an ejectment suit who hold under a common grantor cannot attack his deed or that of his feoffor.

2. A deed conveyed to " A. J. Baggs, jr., for the use, benefit and advantage in trust for said Sarah E. Baggs for life, exempt from marital rights of said Wm. R. Baggs or any future husband said Sarah E. Baggs may have, to-wit (Then follows the description of the land) : " To have and to hold the above described property to him, the said A. J. Baggs, jr., in trust for said Sarah E. Baggs and her children, as above specified, forever, free from the debts, liabilities, obligations and contracts of the present or any future husband of the said Sarah E. Baggs" :

Held, that this deed created a life estate in Sarah E. Baggs, with remainder in fee to her children.

(a.) This case differs from that in 61 Ga., 227, which was in respect to the production of witnesses to a deed in court.

February 9, 1886.

Deeds. Evidence. Witness. Charge of Court. Estates. Before Judge ADAMS. Liberty Superior Court. May Term, 1885.

Reported in the decision.

GARRARD & MELDRIM; LESTER & RAVENEL, for plaintiff in error.

J. W. FARMER; W. W. FRASER, for defendants.

JACKSON, Chief Justice.

This is an action of ejectment brought by the guardian of James M. Baggs and others, children of Wm. R. Baggs, against George F. Fletcher, for the recovery of a tract of land in the county of Liberty, formerly in the county of McIntosh. The jury, under charge of the court, found for the plaintiff, and the defendant moved for a new trial, which was not granted, and he excepted.

The case turns on two issues of law and fact : First, was

a copy-deed properly admitted in evidence ; and secondly, what is the title, and to whom is the land conveyed by that deed ?

1. The plaintiffs derive title from a deed made by Elisha Smith to their relative in trust for their mother and themselves. The defendant claims under the same deed. All the original deeds in evidence were produced by the defendant under notice. They show that both parties claim under the common grantor. The question whether or not both parties did so claim was submitted to the jury by the court. They so found, the presiding judge so held, and we so think also.

The father of these plaintiffs conveyed to Smith, and Smith to A. J. Baggs, jr., in trust for the wife and children of W. R. Baggs. The wife sold and conveyed the land to one Moody, and from Moody it came down to defendant, who thus is shown by his own title deeds, drawn from him by notice, to hold under Smith and W. R. Moody and Smith's deed to A. J. Baggs in trust for Mrs. W. R. Baggs and children. So that the contention, on defendant's part, is that this trust deed vested absolute title in the wife of W. R. Baggs, while the children of W. R. Baggs, these plaintiffs, claim that their mother took only a life estate therein with remainder to them, and she being dead, the title is now in them, she selling to Moody only a life estate.

So that, if the defendant claims title under the deed out of Smith into A. J. Baggs in trust, etc., how can defendant object to the admission of the copy of it in evidence ? The deed, which was drawn from him under notice, is a deed from Mrs. Baggs to Mrs. Moody, and the possession of that deed as a link in his title is evidence that she had some title, and the only title deed to her is the copy-deed, whose admission is resisted by him. It is morally certain that he claims under it. The record discloses the fact that this defendant brought a bill in equity against one of his intermediate grantors on a deed from which this copy is

taken word for word; that he swore to that bill; that he gave the original to his counsel to draw that bill; that the counsel returned it to him; that he failed to produce it under the notice, though producing the others called for in the same notice.

The objections urged to its admissibility by his counsel are, first, that there is no proof of the existence of the original deed. There is proof of its existence and its record. That proof is the evidence of defendant's counsel in the equity cause brought by him against one of his feoffors, to whom he himself gave it. The counsel swore that the copy was exact—the witnesses the same, and whom he knew and that he could not be mistaken about it—and that he himself copied it from the original deed given him for that purpose to exhibit to the bill in equity of defendant, with the certificate of record by the clerk thereon. Thus its existence is proved—the existence of the original.

It is said again that the witnesses to the deed should have been called to prove its execution. If the original deed had been offered and had not been recorded, then indeed the witnesses must be called; but if this original had been offered, no witnesses need have been called, because it was recorded. If the position be that the witnesses must be called to give evidence about the copy, then the reply is that theirs is not the best evidence of the contents of the deed. It is often the case that witnesses know nothing of the contents of the deed, but merely attest the signature and delivery. The man who saw the original, read it, copied it, prepared a bill in equity upon it, scanned it closely, got it from the defendant in this case himself as the original, is the very best possible witness of its contents and of the fact that the copy contains those contents *verbatim et literatim.* We cannot conceive of evidence more conclusive, or of better evidence, the court-house and record books of McIntosh county having been burnt up, so that a copy therefrom could not be obtained. But drowning men catch at straws, and it is objected that there

is no proof of the delivery of the original. The record of it is proof. The custody of it by one who derived title from a grantee under it, and that one the defendant, is conclusive proof of delivery. The person who held the legal title is dead. The only grown person who held an equitable interest under it conveyed to a feoffor of this defendant. When she had it, that proved delivery to her and her children.

So there is no trouble about delivery. So that the presiding judge might well intimate, when overruling the motion for a new trial, that he erred in favor of the defendant when he submitted the question to the jury whether both parties held under the same grantor. They did beyond doubt or controversy, and he might have told the jury they did, for the facts of this record are all one-sided and make no contest over it.

The existence of the original deed and the accuracy of the copy is beyond doubt against this defendant. They are conclusive upon him. Holding under a common grantor, neither side can attack his deed or that of his feoffors. They must both bow to that title, because both branch out from that root. As to the loss of the original, it is sufficiently established to let in the copy. It is traced into defendant's possession last; notice to produce it is given him; he has it not; and if he has it not, it is lost, for the whole chain he had and produced, except this one link.

2. So we reach the second and only other issue, how much interest had Mrs. Baggs, from whom defendant holds, under the deed from Smith to A. J. Baggs, trustee? If she had the fee, then she sold the fee and conveyed it to Moody and the rest down to defendant. If she had only a life estate, only that she conveyed, and being dead nothing is left her grantees. And if these children of hers are remaindermen under that deed, then the title is in them, the trust being executed, and they must recover.

The deed is a peculiar one; it conveys to

"A. J. Baggs, jr., for the use, benefit and advantage in trust for said Sarah E. Baggs for life (exempt from marital rights of said William R. Baggs or any future husband, said Sarah E. Baggs may have) to-wit" (then follows the description of the land), "to have and to hold the above described property, to him the said A. J. Baggs, jr., in trust for said Sarah E. Baggs and her children, as above specified, forever, free from the debts, liabilities, obligations and contracts of the present or any future husband of the said Sarah E. Baggs."

Then follow the signature and attestation clause.

The clause after the *habendum* and *tenendum* conveys the absolute title—forever—to the wife and children of William R. Baggs. The fee is thereby put in them; and if nothing else were in the deed, Mrs. Baggs and children would own the fee as tenants in common ; but the former part of the deed limits the interest of Mrs. Baggs to a life estate. So that the whole deed construed together conveys the life estate to her and the remainder in fee to the children, who are the present plaintiffs. When the life use or equitable interest is conveyed to her for life, no mention is made of her children; but when the deed passes the fee in the *habendum* and *tenendum* clause, then the words, " as above specified," refer to the limitation put on Mrs. Baggs's interest and narrow it to a life estate, leaving that of the children a fee in remainder. Those words cannot refer to children, because none are specified anywhere above in any part of the deed, but it is above specified that Mrs. Baggs shall take only a life estate, and the words apply to her and the limit on her interest specified above. True, it is awkwardly expressed and the words follow the word " children," but they follow the whole clause, too, and qualify all of it. That whole clause is, " in trust for Sarah E. Baggs and her children as above specified,"—that is there being no specification of the children or about the children, but a specification of the interest she is to have and about her alone, the words, " as above specified," must refer to her and her interest. Besides, the former part of the deed prevails over the latter,

unlike a will; and if she took only a life estate in the conveying part, and a fee with her children by the words in the *habendum* clause, the latter would yield to the former, both not being able to consist.

So we think with Judge Adams, in his lucid and strong presentation of the case in overruling the motion for a new trial, that the facts demanded the verdict, his ruling on the legal points being correct, and the law and facts uniting in perfect harmony on the verdict.

No authority cited by plaintiff in error jostles a single legal point ruled above. The decision in 61st *Georgia*, 227, affects the production of witnesses to a deed not lost, but in court. They are the best witnesses to prove its execution, and must be produced, if the deed needs proving. So of the former case in the 10th, cited in that. Here the deed is lost and its contents are to be established; and so about the other citations on the questions made.

See for plaintiff in error Code, §§2701, 2713, 3820, 3821; 32 *Ga.*, 688; 30 *Id.*, 391; 61 *Id.*, 227; Rule 42; 1 Hill on Real Prop., 355; 48 *Ga.*, 589; Code, §2690; 20 *Ga.*, 723.

The last case is cited to show that the consideration of a deed may be inquired into, etc.; but where both parties hold under it, *cui bono?*

For defendant in error, Code, §3821; 53 *Ga.*, 688; 56 *Id.*, 260; 49 *Id.*, 409; 43 *Id.*, 290; 32 *Id.*, 594; 48 *Id.* 600; Code, §2697; 36 *Ga.*, 200; Code, §2260.

Judgment affirmed.