## BONNER v. HASTEY.

1. Under the rule that a devise of the rents and profits of land is a devise of the land itself, a will in which the testator declares a desire that his daughter remain upon and enjoy as her home certain described premises, and that she, together with his granddaughter, enjoy the rents and profits of said premises with his grandson, if compatible with his wishes by agreement with the daughter to supervise and assist her and to realize with her, during his natural life, the rents and profits, but he in no event to be compelled to encumber himself with this care, and should he decline to do so then the person named in the will as executor being designated to supervise all of the daughter's interest, passed to the daughter and granddaughter, as tenants in common, title to the land in fee, subject to a special right in the daughter to remain upon and enjoy the premises as a home and to possess and control the same so long as by any possibility she could do so, that is during her natural life, and subject also to a life-estate in the grandson to the extent indicated by the will, in case he elected to accept his grandfather's bounty on the terms prescribed.

2. During the life of the daughter, the granddaughter is not entitled to partition nor to be admitted into actual possession against the will of the daughter. Her right is only to take and receive her due share of the rents and profits.

3. The court did not err in overruling the auditor's report in so far as any present recovery of a share in the premises is concerned, but did err in overruling it in so far as the report related to title, and the decree was erroneous in declaring that the granddaughter has no interest in the land and that the daughter exclusively has title to the same in fee simple.          *Judgment reversed.*

August 23, 1892.

Estates.    Tenants in common.    Partition.    Title. Before Judge MARTIN.    Harris superior court.    October term, 1891.

This case turns upon the construction of the third item of the will of William Hastey, the grandfather of Sarah V. Bonner, formerly Sarah V. Wills, the complainant in the court below.    An auditor reported, among other things, that under that item of the will complainant was entitled to recover one half of lot of land 28 in Harris county, and certain rents and profits thereof.

Julia A. Hastey, one of the defendants, excepted to the report, claiming the absolute title to the lot of land, and that complainant is not entitled under the will of William Hastey to any part thereof. This exception was demurred to; and the demurrer was overruled.

Item three of the will was as follows: "I desire that my beloved and ever affectionate daughter, Julia A. Hastey, remain upon and enjoy as her home my home place, with the lot of land on which my improvements are situated, the same being lot of land number 28 in the third district of originally Troup, now Harris county, and that she together with my granddaughter, Sarah V. Wills, enjoy the rents and profits of said place with my beloved and devoted grandson, William B. Hastey, if compatible with his wishes, by agreement with my said daughter, Julia A. Hastey, to supervise and direct and assist his aunt, and to realize with her during his natural life the rents and profits of my said home, but in no event to be compelled to encumber himself with said care, and in the event that William B. Hastey declines the trust and benefits in this item of my will, then I desire my son John B. Hastey supervise all of my said daughter's interest, and that Edy, cold., be permitted to remain upon contract." The first item of the will gave directions as to the testator's burial. The second item as to payment of his debts. The fourth item as to his stock. The fifth item gave all the rest of his estate, to be taken possession of by his son John B., and appropriated either to the payment of testator's indebtedness to John B., or to be sold and the proceeds applied to the payment of said debts, and if anything remained over, to be distributed according to the statute of distribution. The sixth and last item appointed John B. his executor. It appeared in evidence that complainant was the granddaughter of testator and entitled to inherit the distributive share of her mother, if any there were,

in his estate; and that she remained on the land with Julia and W. B. Hastey up to 1882, and then, by permission of Julia A., left it, as the auditor found, without knowledge of her rights under the will. Complainant alleged in her bill that her father died when she was an infant, and her mother when she was about six years old, and that she lived with her grandfather until his death, which occurred when she was about fifteen years old, etc.

R. A. RUSSELL, J. M. MOBLEY and C. J. THORNTON, for plaintiff.

L. L. STANFORD and WILLIS & PERSONS, for defendant.