Brace, P. J.
This is an amicable proceeding to-obtain a construction of the fifth clause of the will of Joseph Miller, late of Platte county, deceased, which reads as follows:
“5th. At the death of my said wife I give and bequeath the rest and residue of my property, real, personal and mixed, to the persons and children of the persons herein named to be divided between them share and share alike, to wit: The children of my wife’s. *381 nephew, Edward T. Jones, of Virginia, one share, the children of my wife’s brother, Thompson T. Jones, one share, the children of my sister, Margaret Fletcher of Virginia, and the children of my sister, Achsah Settle, Joseph D. Settle, Jesse P. Settle, Charles Settle, Betty Styne, and Lucy Stuckey, children of my sister, Achsah Settle, one share each.”
The case was submitted on the will and the following admission:
“It is agreed in this case that the will of Jesse Miller, about which this controversy has arisen, was written by himself. And that the testator died without children or their descendants. And that when the will wras made there were two children of Achsah Settle who were not named as devisees in the will. And that in the original will, in the fifth clause thereof, the words, “one share” are interlined after the name of Thompson T. Jones. And the same words, “one share,” are interlined after the name Edward T. Jones of Virginia. And that when the will was written the testator had no children or their descendants. It is further agreed that the will now shown to the court is the original will of Jesse Miller in controversy, and is now here offered in evidence.”
It is suggested in the brief of counsel for appellants that the clause is susceptible of three constructions.
First. That the children of Edward T. Jones take one share; the children of Thompson T. Jones take one share; the children of Margaret Fletcher one share; the children named of Achsah Settle one share, making in the aggregate four shares. Second. That the children of Edward T. Jones take one share; the children of Thompson T. Jones take one share; the children of Margarette Fletcher one share; the children named of Achsah Settle one share each, making in the aggregate eight shares. Third. That the children of Edward T. *382 Jones take -one share; the children of Thompson T. Jones one share; the children of Margaret Fletcher (5) one share each, and the named children of Achsah Settle (5) one share each, making in the aggregate twelve shares.
The trial court adopted the first of these constructions and adjudged: “That the’ residuum of the estate should be divided into four shares as follows: To the children of Edward T. Jones, one share; to the children of Thompson T. Jones, one share; to the children of Margaret Fletcher, one share; to the children named of Achsah Settle, one share. From which judgment the defendants appealed, claiming that said residuum should be divided in accordance with the third construction suggested.
I. "We. are of the opinion that the construction of the circuit court is in accordance with the intention .of the testator, and, therefore, correct. By the preceding clause of the will the testator had made provision for those immediately dependent upon his bounty (his wife and his son-in-law) and by this clause evidently intended to divide the remainder of his estate equally between certain of his 'own relatives and those of his wife, who did not dwell in his mind particularly as individuals, but as classes, and while, in the first part of the clause when describing generally the legatees, he uses the expression “to the persons and the children of the persons herein named,” yet, when immediately he comes to the particular description of the legatees, there is not found a bequest there to any individual except as one of a class to which the bequest is made.
The testator divides his beneficiaries into four classes, and bequeaths to each class a share by the generic term children. The word “one share each” at the end of the clause is used because in that sentence he had coupled two of these classes together and *383 evidently meant that each of those classes was to have one share, just as each of the two preceding classes was to have one share. The word “persons” was doubtless introduced into the general description in the first part of the clause, for the reason that the testator intended to exclude two of the children of his sister Achsah, by naming those of her children to whom he intended his bequest to go, but the bequest is not made to them as individuals, but to them as children of his sister. In fact there is no bequest to “persons;” all the bequests are “to the children of persons herein named” and the introduction of the word “persons” unnecessarily in the general ought not to control the particular description of the legatees. The words “share and share alike,” and “each” are evidently referable to the share of the classes, not to the share of each individual legatee in any of the classes. The testator did not undertake to determine the shares of the individual legatees, but the shares of the classes, and “each” of these classes was to “share and share alike.” The judgment is affirmed.
All concur.