## STILES *v.* CUMMINGS.

A trust deed contained the following clause: " In trust, nevertheless, and to and for the sole use, benefit, and behoof of the said Nellie Ann, my wife as aforesaid, during her natural life, and my four children, to wit, Lawrence aged 10 years, Albert 7 years, Talbot aged 4 years, and Homer H. aged two years, and any future children I may have by my said wife." It was further provided in the deed that in the event of the death of the grantor and remarriage of his wife, the property was "to become the sole property of [his] children then in life or their survivors, to be divided amongst them, share and share alike, when the youngest attains his or her majority; " and also that in the event the wife did not remarry, "the said property to be a home for herself and [the grantor's] children during her life, and after her death if . . said children can be kept together." *Held:* (1) That the children named in the deed took as a class, and not as individuals. (2) That a child born after the execution of the deed was entitled to share equally with the other children then in life. (3) That the wife took an estate during life or widowhood, and the children a legal remainder in fee. (4) That the provision for a home for the children meant simply an abode, and not a support, and conveyed no interest which could be enforced in an action of ejectment. (5) That an action by a child born after the execution of the deed, to recover his interest from one holding under a deed from his mother and brothers, can not be maintained until after the mother's death.

Submitted March 8, — Decided March 27, 1905.

Complaint for land. Before Judge Hammond. Richmond superior court. October 27, 1904.

*F. W. Capers*, for plaintiff in error. *D. G. Fogarty*, contra.

COBB, J. In 1876 Alexander Cummings Jr. executed a deed to land, "in trust, nevertheless, and to and for the sole use, benefit, and behoof of the said Nellie Ann, my wife as aforesaid, during her natural life, and my four children, to wit, Lawrence aged 10 years, Albert 7 years, Talbot aged 4 years, and Homer H. aged two years, and any future children I may have by my said wife." It was further provided that in the event of the death of the

grantor and remarriage of his wife, the property was "to become the sole property of my children then in life or their survivors, to be divided amongst them, share and share alike, when the youngest attains his or her majority." And also that in the event his wife did not remarry, "the said property to be a home for herself and my children during her life, and after her death if my said children can be kept together." The trustee was given a power of sale, subject to the consent of the grantor's wife. One of the sons named in the deed died, and the mother and three other sons conveyed their interests in the property to Stiles. The plaintiff is a son of the grantor and his wife, born after the execution of the deed. He sues in ejectment to recover from Stiles an interest in the land which he alleges passed to him under the deed. The petition does not expressly so allege, but it is to be inferred from the allegations that the grantor is dead. The court overruled a general demurrer, and the defendant excepted.

The defendant contends that the designation by name of the four children who were to take as grantees conclusively evidences an intention on the part of the grantor to provide for these particular children as individuals, and not for his children as a class; that these four children designated by name took with their mother the entire interest of the grantor in the land as tenants in common, the mother's interest being an estate for life or widowhood; and that nothing was left for any future-born child or children to take. The general rule undoubtedly is that where children are designated by name or otherwise definitely described as individuals, with no superadded words to show a contrary intention, they take, not as a class, but as individuals. Frost *v.* Courtis, 167 Mass. 251; Stedman *v.* Priest, 103 Mass. 293; Rockwell *v.* Bradshaw, 67 Conn. 140.; Moffett *v.* Elmendorff, 152 N. Y. 475; Church *v.* Church, 15 R. I. 138; Bain *v.* Lescher, 2 Sim. 397; Jones *v.* Hunt, 96 Tenn. 369, 374; Stansfield *v.* Stansfield, L. R. 49 Ch. Div. 750; In Re Smith's Trusts, L. R. 9 Ch. Div. 117; Dildine *v.* Dildine, 32 N. J. Eq. 78, 80. Mere designation by name does not, however, in all cases show that the persons were dealt with as individuals, and not as a class, the intention of the grantor or testator must be gathered from the whole instrument; and if there are other words used which show that he had the persons named in mind as a class, this intention will be allowed to

control. Where persons are designated by name, and language is also used which indicates that the maker of the instrument had them in mind not as individuals but as members of a class, it must be determined which idea was uppermost or controlling in his mind. Thus, in *Springer* v. *Congleton*, 30 *Ga.* 976, a testator devised property to "be divided between my two sisters' children, Elizabeth Joice and Martha Lilly, to wit," naming the children; and it was held that considering the language used and the motive which prompted the legacy, the leading idea in the testator's mind was provision for his sisters' children as a class and and not the individual children named. See also, in this connection, Talcott *v.* Talcott, 39 Conn. 186; Rixey *v.* Stuckey, 129 Mo. 377; Swallow *v.* Swallow, 166 Mass. 241. In the present case the grantor began by designating the children by name. If he had stopped there, they would have taken as individuals. But he superadds the words, "and any future children I may have by my said wife." The grantor must have intended these words to mean something. They certainly ought not to be rejected if any construction can be admitted which will give effect to them as well as to the other provisions of the deed. In our opinion the proper construction of the deed is that while the grantor began the clause under consideration by dealing with certain named children as individuals, the use of the words thereafter added shows an intention to depart from this scheme and to deal with them as a class. If he had used merely the general word " children," without naming any child, following the rule in Wild's case, unborn children would not have been included. *Baird* v. *Brookin*, 86 *Ga.* 709. But he names four children and expressly refers to unborn children; and it would be doing violence to the language used and to the expressed intention of the grantor to exclude a child born after the execution of the deed. In re Jackson, L. R. 25 Ch. Div. 162, L. R. 53 Ch. Div. (N. S.) 180, a testator bequeathed the residue of his estate in trust for a named son and four named daughters, " and such of my child or children, if any, hereafter to be born as shall attain the age of twenty-one years or marry, in equal shares as tenants in common." It was held that the five named children took as a class and not as individuals, and that the whole of the residue was divisible among three of them who survived the testator. In that

case the testator failed to name one of his children, and it was held that the exclusion of this child did not alter the rule. In Downes *v.* Long, 79 Md. 382, it was held that under a devise " to the wife and children of my son, William Thomas Long, now living and to any other legitimate child or children which may hereafter be born to him," the wife took an estate for life, and the children of the testator's son a vested remainder in fee, which would open to take in an afterborn child. In Williams *v.* Neff, 52 Pa. St. 326, a contrary construction seems to have been given to language similar to that under consideration in the present case; but the decision was based in part upon the fact that there were no afterborn children. This fact also appeared in the English case above cited. In the present case there was an afterborn child, and therefore we are not called upon to say what would have been our decision had there been none; still we are unable to see how the fact that no child was afterwards born could alter the conclusion as to what was the intention of the grantor as indicated by the language used.

It does not, however, follow from what has been said above that the plaintiff has a present right to sue for and recover any interest in the property. The deed provides that the property shall be for the " sole use, benefit, and behoof" of the wife " during her natural life." It also provides that in the event of the death of the grantor and the remarriage of the wife, the property " is to become the sole property of" the children then in life; and also that, in the event the wife remains single, " the said property to be a home for herself and my children during her life, and after her death if my said children can be kept together."

A grant or devise to a parent and her children then in life creates an absolute estate in the parent and children as tenants in common. *McCord* v. *Whitehead*, 98 *Ga.* 385, and cit. But while there may be a tenancy in common between one holding for life and one holding the fee (1 Wash. Real Prop. (6th ed.) § 876), it has been expressly held that a grant in trust to a wife for life, and to her children, creates a life-estate in the wife, with remainder over to the children. *Fletcher* v. *Horne*, 75 *Ga.* 134 (2). See also, in this connection, *Bozeman* v. *Bishop*, 94 *Ga.* 459. The same result would follow if the grant were to the wife generally, and *at her death* to her children. *Goodrich* v. *Pearce*, 83

*Ga.* 781; *Burnett* v. *Summerlin,* 110 *Ga,* 349. This construction is strengthened by the use of the words "for the *sole* use, benefit, and behoof." See Small *v.* Field (Mo.), 14 S. W. 815.

Is this construction of the deed altered by the further provisions therein ? Under the decision above cited, the wife acquired by the deed an estate during life or widowhood, and the children took the fee in remainder. Without other provisions showing a contrary intention, the children then in life or born afterwards would have no right to the possession of the property until the death of their mother. But the deed provides that, in case the wife remains single, the children are to have a *home* in the property. A provision in a will for a home for certain persons is very uncertain in meaning. It may mean simply a place of abode, or it may mean an abode coupled with a support, or an abode together with the actual necessities of life. 1 Underhill on Wills, § 318. See also, in this connection, *Bonner* v. *Hastey,* 90 *Ga.* 208. The intention of the testator depends much on the situation of the parties, their ages, and all the existing circumstances. From the language used in this deed, our opinion is that the grantor intended simply to provide a place of abode for his children. He provided that the property should be a home for the mother and children if the mother remained single; and if she should marry, the place was to become the sole property of the children, but not to be divided among them until the youngest child became of age. In addition to this, it is provided that the place is still to be a home for the children, if they can be kept together. This provision also evidences an intention that home was to be used in the sense of abode merely, because the grantor would hardly have made a support dependent upon the children being kept together. Viewing the provisions of the deed as a whole, our opinion is that the grantor intended the wife to have an estate during life or widowhood; that the children, born and to be born, were to take the fee in remainder; and that the estate of the mother was to be charged with a home for the children, in the event she did not remarry. If the plaintiff has been wrongfully deprived of a home by the joint act of his mother, his brothers, and the defendant, he might be entitled to claim compensation for the wrong done him, or he might have some relief in equity; but he can not maintain an action of ejectment against

the defendant during his mother's life or widowhood.    See Addison v. Bowie, 6 Bland Ch. (Md.), 606, 626–627.

. The effect of the trust provisions in the deed is settled by the former decisions of this court.    Where there is no remainder to protect, and nothing for the trustee to do, a conveyance, since 1866, to a married woman in trust operates to vest the title immediately in her.    *City of Rome* v. *Shropshire,* 112 *Ga.* 93.    The effect of the deed in this case was an attempt to create a trust.for the wife, but no trust was intended to be created for the remaindermen.    *Overstreet* v. *Sullivan,* 113 *Ga.* 891; *Tillman* v. *Banks,* 116 *Ga.* 250, and cit.  The remainder created was therefore a legal remainder.    But, under the decision in *Heath* v. *Miller,* 117 *Ga.* 854, the trustee having a power of sale, the trust subsisted for this purpose.    See also *Coleman* v. *Cabaniss,* 121 *Ga.* 281.    So far as appears, the trustee has never exercised this power.  He did not join in the deed from Mrs. Cummings and her four children. Consequently the interest of the plaintiff was not affected.by that deed; and nothing need be said as to what effect a sale now by the trustee would have.    The demurrer should have been sustained.          *Judgment reversed.    All the Justices concur.*