FULTON NATIONAL BANK, co-executor, etc. *v.* RANDALL
*et al.*

No. 17183. SEPTEMBER 11, 1950.

246

*Smith, Kilpatrick, Cody, Rogers & McClatchey,* and *E. D. Smith Jr.,* for plaintiff in error.

*Moreton Rolleston Jr.,* contra.

WYATT, Justice. The provisions of the will of W. L. Randall upon which the plaintiffs in the court below base their right to

the relief sought read as follows: "Item Three: All of the rest, residue and remainder of my property of every kind and description, I give, devise and bequeath to my wife, Bessie Brown Randall, my brother, Paul Hill Randall and The Fulton National Bank of Atlanta, as Trustees, in trust, for the following uses and purposes. The said Trustees are directed to receive, hold, manage, invest and reinvest said property and to pay to my wife, Bessie Brown Randall, during her life, from the net income or from the corpus if the net income is not sufficient, the sum of Five Hundred ($500.00) Dollars a month, said payments to begin from the date of my death, and to be used for the support of my wife and for the support and education of such of my children as live in the home with her. In addition to said monthly sum, my said wife shall be given the free use during her life of my home on Pace's Ferry Road in Fulton County, Georgia, all taxes, insurance, repairs, assessments and other like charges against said home to be paid by the said Trustees out of other property of my estate. Any net income from my property not required for the above payments shall be added to the corpus and shall be reinvested by said Trustees.

"At the death of my wife, I direct the surviving Trustees to divide the property remaining in their hands into as many shares as there are children of mine then living or having living descendants, this provision to include my children, Rela Brown Randall, Elizabeth Brooking Randall, William Harbut Randall, and Gladys Chewning Randall, and any other child or children that may hereafter be born to me, provided they are living at the death of my wife or have descendants then living."

It becomes readily apparent from this provision of the will that some or all of the plaintiffs in the court below may never have any interest in this estate, the contingency being that at the death of the life tenant, who is now in life, they must themselves be in life, or if dead, have living descendants. Whether the estate here involved should be construed to be a contingent remainder or a vested remainder subject to divestiture, makes no difference, and for that reason it is unnecessary to decide that question.

"Remaindermen, whose estate is vested subject to divestiture

upon their death before the life-tenant, can not, during the existence of the precedent life-estate, maintain a suit to cancel a deed executed by the life-tenant individually and also as their trustee, purporting to convey the estate in solido." *La-Pierre* v. *Martin*, 145 *Ga.* 851 (89 S. E. 1074). "Of the several complainants, Mrs. Gurr was a life-tenant; the others were remaindermen. So long as the former lives, the latter have no right to bring this suit for an accounting with the party in possession, nor for any of the other relief sought. They must stand by during the life of the life-tenant." *Gurr* v. *Gurr*, 198 *Ga.* 493, 503 (32 S. E. 2d, 507). See also, *Stiles* v. *Cummings*, 122 *Ga.* 635 (50 S. E. 484).

The authorities in other jurisdictions are in conflict on the question here under consideration, as will appear from 144 A. L.R. 790, et seq. We find, however, the rule to be well established in this State to the effect that ordinarily a contingent remainderman or a remainderman whose estate is vested subject to be divested can not, during the existence of the preceding life estate, and while the contingency exists, proceed against the life tenant or the trustee for the life tenant for accounting or any other relief of that character. Many cases, not necessary here to be listed, follow the ruling as laid down by the cases above cited.

The exceptions to the general rule are: when it is made to appear that the executor or trustee is seeking a discharge, remaindermen of the character now under consideration may enjoin the discharge proceedings (*Raines* v. *Shipley*, 197 *Ga.* 448, 29 S. E. 2d, 588); when waste of the corpus is alleged, or when property is about to be removed beyond the jurisdiction of the court. A full discussion of the exceptions to the general rule will be found in *Kollock* v. *Webb*, 113 *Ga.* 762 (39 S. E. 339).

"The allegations of mere omission of the executor to pay the amount of his individual debt to the estate, or to make an effort to collect the debts due by his sisters and brothers, are insufficient to charge such manifest danger of loss, or destruction, or material injury to the assets of the estate as would authorize the appointment of a receiver to take the assets out of the hands of the legally appointed executor." *Thompson* v. *Thompson*, 171 *Ga.* 185 (3) (154 S. E. 889).

' In the instant case, there is no contention that the corpus. of the estate is being dissipated, or that the remaindermen, whoever they may be, will not be fully protected when the proper time for an accounting arrives, to wit: the termination of the life estate, and the final determination as to who will finally be entitled to an accounting. The effect of what is sought here to be required is an accounting as to one item only, without any effort to show that the remaindermen in life at the termination of the life estate will in any way suffer damage or loss unless the one item of accounting is now bad. These remaindermen, under the allegations of the petition, "must stand by during the life of the life tenant," and until the proper time arrives for a full accounting.

It follows, from what has been said above, it was error to overrule the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*