## S90A1087. WHITLOCK v. LAWSON et al.
### (397 SE2d 433)

BELL, Justice.

The executor of the estate of Cornelius Jackson filed a petition in probate court, seeking a construction of the eleventh section of Jackson's will. Section Eleven bequeathed part of Jackson's estate to two specified persons, Rosie Middlebrooks and her daughter, appellee Beverlyn Fowler. Middlebrooks died after Jackson executed his will and before Jackson died. Three children of Middlebrooks were living at Jackson's death, including appellee Fowler and the appellant, Fannie Lois Whitlock. The issue in probate court was whether the bequest under Section Eleven was to Middlebrooks and Fowler as individuals or as a class.[1] The probate court ruled the gift was to them as

---

[1] If the gift was to them individually, all three of Middlebrooks' children would share

a class, and Whitlock appealed the judgment. For the reasons we give in the rest of this opinion, we reverse.

Before his death, Jackson resided in a personal-care home operated by Middlebrooks and Fowler. Neither of Middlebrooks' two other children participated in operating the home. In Section Eleven of his will Jackson left eighty percent of his estate to Middlebrooks and Fowler. In the section he described the services he received from Middlebrooks and Fowler, and indicated that their bequest was in return for their services, "for them to share equally." Jackson also expressed a desire in the eleventh section that the two beneficiaries use their gift "as they see fit" to continue their work of caring for the elderly. In other sections of the will Jackson bequeathed ten percent of his estate to a college, to provide scholarship assistance for needy students, and ten percent to a disabled-veterans organization, to assist needy disabled veterans.

In construing Section Eleven, the probate court concluded Jackson intended to make a class gift because he expressed the desire that the bequests be used for the charitable purpose of providing personal-care services. The court also concluded such a construction was consistent with the charitable nature of the bequests to the college and the veterans' organization. We find, however, that Jackson's primary intention regarding Middlebrooks and Fowler was to reward them individually for the care he had received from them. Accordingly, we conclude the probate court erred by ruling that Jackson intended to make a class gift.

A testator's designation of beneficiaries by name generally indicates the testator intended the beneficiaries to take as individuals, but other language in the will may show a controlling intention that they take as a class:

> Mere designation by name does not . . . in all cases show that the persons were dealt with as individuals, and not as a class[;] the intention of the grantor or testator must be gathered from the whole instrument; and if there are other words used which show that he had the persons named in mind as a class, this intention will be allowed to control. Where persons are designated by name, and language is also used which indicates that the maker of the instrument had them in mind not as individuals but as members of a class, it must be determined which idea was uppermost or controlling in his mind. [*Stiles v. Cummings*, 122 Ga. 635, 636-637 (50 SE 484)

---

her share. OCGA § 53-2-103. If the gift was to Middlebrooks and Fowler as a class, only Fowler would receive Middlebrooks' share. See Redfearn, Wills and Administration in Georgia, § 164 (Harrison Co., 5th ed. & 1990 Supp.).

(1905).]

Accord *Snellings v. Downer*, 193 Ga. 340, 345 (2) (18 SE2d 531) (1942).

Applying this rule to the facts of the present case, we find considerable evidence that Jackson intended to make an individual gift to Middlebrooks and Fowler. Jackson's designation of Middlebrooks and Fowler by name is evidence that he intended to bequeath to them as individuals. Moreover, other language in Section Eleven indicates that Jackson intended for the two women to take individually, as the greater part of the section is Jackson's description of the services he received from Middlebrooks and Fowler and his indication that the bequest was in return for the services, "for them to share equally."

In contrast, the evidence that Jackson intended to make a class gift is not as strong. In Section Eleven Jackson expressed a desire that Middlebrooks and Fowler use their bequest to care for the elderly, and in other sections of the will Jackson bequeathed the rest of his estate to a college and a veterans' organization for charitable purposes. The probate court concluded that all the bequests were charitable in nature. The court appears to have inferred, further, that Jackson must have intended to make a class gift to Middlebrooks and Fowler, as an individual gift would allow distribution of Middlebrooks' share to persons (Middlebrooks' other two children) who had no connection with the personal-care home, OCGA § 53-2-103, and therefore would be inconsistent with Jackson's charitable scheme.

However, Jackson's desire that the bequest be used for the elderly is not compelling evidence of an intention to make a class gift. If Jackson's controlling purpose in making the bequest had been to care for the elderly, the only way of ensuring that the two beneficiaries honored that purpose would have been to establish a precatory trust. See OCGA § 53-12-24; Redfearn, Wills and Administration in Georgia, § 193 (Harrison Co., 5th ed. & 1990 Supp.). Section Eleven established no precatory trust, id., and Jackson's wish that the bequest be used to care for the elderly was in no way binding on Middlebrooks and Jackson. Accordingly, we deem it unlikely that Jackson meant to make a class gift in order to ensure that the gift was used for charity, as even a class gift would not have accomplished that purpose.

Our conclusion, after considering the will in its entirety, is that Jackson's controlling intention was to reward Middlebrooks and Fowler individually for the services they had rendered him, and that care for the elderly was a secondary purpose he left to their discretion. We therefore hold Jackson intended to make the bequest to the two women as individuals, and not as a class.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 7, 1990.

*Richard C. Foxworth*, for appellees.
*John W. Lawson*, pro se.

